## PEOPLE *v.* SHAW.

1. APPEAL AND ERROR—CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.
   Conviction of a crime will not be reversed by an appellate court
   if there is evidence in the record which, if believed, will support
   a verdict of guilty beyond a reasonable doubt.

2. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE—CARNAL KNOWLEDGE
   OF FEMALE PATIENT.
   Conviction of carnally knowing a female patient of a State in-
   stitution based partially upon contradictory and conflicting
   testimony of complaining witness is affirmed, where a review
   of the record establishes that there was sufficient evidence, if
   believed, to support a verdict of guilty beyond a reasonable
   doubt (CL 1948, § 750.341).

Appeal from Lenawee; Martin (Rex B.), J. Sub-
mitted Division 2 May 2, 1967, at Lansing. (Docket
No. 2,481.) Decided March 27, 1968.

Damon Shaw was convicted of carnal knowledge
of a female committed to a State institution. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Harvey A. Ko-
selka,* Prosecuting Attorney, for the people.

*Russell & Bird,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 948.
[2] 5 Am Jur 2d, Appeal and Error §§ 786, 883.

T. G. Kavanagh, P. J. This is an appeal from a conviction of a violation of CL 1948, § 750.341 (Stat Ann 1954 Rev § 28.573) which makes it a crime to carnally know a female patient in a State or county institution.

The only error asserted on appeal is that the verdict is against the great weight of the evidence.

Appellant argues that the complaining witness testified in a contradictory and conflicting manner and that such testimony should not serve to support a conviction.

The rule on review is that if there is evidence in the record which, if believed, will support a verdict of guilty beyond a reasonable doubt we will not reverse. *People* v. *Williams* (1962), 368 Mich 494, 501.

We have examined the record carefully, and despite some questionable cross-examination by the prosecutor of his main witness, we have discovered no reversible error. We are satisfied that the defendant had a fair trial.

Affirmed.

Levin and Sullivan, JJ., concurred.